WEIMER, J.,
concurs.
hi agree with the concurrence of Justice Knoll, but would add that an attorney’s duty to refrain from entering into a sexual relationship with a former client stems from the prohibition against conduct prejudicial to the administration of justice, as described in Rule 8.4(d). This duty would terminate when the underlying proceedings are concluded or when the sexual relationship would pose no adverse legal consequences to the client. As this court has previously explained, “[t]he proscription against conduct that is prejudicial to *580 the administration of justice most often applies to litigation-related misconduct. Louisiana State Bar Ass’n v. Harrington, 585 So.2d 514, 520 n. 4 (La.1990) (citing examples). However, Rule 8.4(d) also reaches conduct that is uncivil, undignified, or unprofessional, regardless of whether it is directly connected to a legal proceeding.” In re Downing, 05-1553, p. 12 n. 5 (La.5/17/06), 930 So.2d 897, 904. In this matter, the respondent was required to refrain from post-representation sexual conduct with the client that could foresee-ably and negatively impact the legal proceeding for which the client had retained the respondent’s representation.